BOYER, Chief Judge
(specially concurring).
While I entirely concur in affirmance, there is one aspect of this case which in my view merits discussion.
In his challenge to the final judgment of dissolution entered by the trial court, appellant argues that the child support award was . excessive, primarily attacking the award on the basis of his alleged inability to pay. He testified that although in good health and able to work full time, he had a gross income from his sign-making business in 1971 of approximately $3,800, $3,900 in 1972, and $4,500 in 1973. The taxable income in those years was $1,100, $300 and $400, respectively. While we take judicial notice of our current recession, we also take judicial notice of the minimum wage requirements and the difficulty which employers have obtaining competent employees. Common laborers are scarce but, when available, they draw a greater salary than appellant has drawn in recent years. Though mentally competent and physically able to work, appellant has made no effort to obtain employment from which he could derive a reasonable livelihood. I do not mean to imply that a person should be required to work unusually long hours in order to earn an exorbitant annual income to support familial obligations. However, a mentally and physically fit adult does have an obligation to make reasonable efforts to earn a reasonable *62 livelihood so that he may discharge his responsibilities. If his chosen profession or avocation does not furnish the vehicle he should resort to some other occupation if available. He should at least try!